GRAHAM**HOLLIS** APC
Graham S.P. Hollis (SBN 120577)
ghollis@grahamhollis.com
Vilmarie Cordero (SBN 268860)
vcordero@grahamhollis.com
Geoff D. La Val (SBN 279987)
glaval@grahamhollis.com
3555 Fifth Avenue, Suite 200
San Diego, California 92103
Telephone: 619.692.0800
Facsimile: 619.692.0822

Attorneys for Plaintiff Deandre Furlough

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANDRE FURLOUGH, individually and on behalf of all similarly situated and/or aggrieved employees of DEFENDANTS in the State of California,<br><br>    Plaintiff,<br><br>    v.<br><br>CAPSTONE LOGISTICS, LLC, a Delaware limited liability company; PINNACLE WORKFORCE LOGISTICS, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No.: 5:18-cv-02990-SVK<br><br>Unlimited Civil - Amount Demanded Exceeds $25,000.00<br><br>**FIRST AMENDED COMPLAINT**<br>[Cal. Code Civ. Proc. § 382]<br><br>1. Failure to Pay Minimum Wages;<br>2. Failure to Pay Overtime Wages;<br>3. Failure to Pay Wages According to Statutory or Contractual Wage Scale;<br>4. Failure to Provide Meal Periods;<br>5. Failure to Authorize and Permit Rest Periods;<br>6. Failure to Provide Accurate Wage Statements;<br>7. Failure to Timely Pay All Wages Due Upon Separation of Employment; and<br>8. Violation of Business & Professions Code §§ 17200, *et seq.*<br><br>**REPRESENTATIVE ACTION FOR PAGA PENALTIES**<br>[Labor Code §§ 2698, *et seq.*]<br><br>9. Violation of the Private Attorneys General Act of 2004, Labor Code §§ 2698, *et seq.*<br><br>**-JURY TRIAL DEMANDED-** |

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

DEANDRE FURLOUGH, individually and on behalf all other similarly situated and/or aggrieved employees of Defendant CAPSTONE LOGISTICS, LLC and Defendant PINNACLE WORKFORCE LOGISTICS, LLC, and DOES 1 through 50, inclusive, (collectively, "Defendants"), alleges as follows:

## I.    **INTRODUCTION**

1.    Plaintiff DEANDRE FURLOUGH ("Plaintiff") brings this individual and putative class action against Defendants for engaging in a pattern of wage and hour violations under the California Labor Code and the applicable Industrial Welfare Commission ("IWC") Wage Order.  Plaintiff brings this action on behalf of all current and former non-exempt employees of Defendants who were employed in the State of California and paid on a piece rate basis during the applicable relevant time period (hereinafter, "similarly situated employees").

2.    Plaintiff also brings this representative action pursuant to the Private Attorneys General Act of 2004, California Labor Code section 2698, *et seq*. ("PAGA") against Defendants, and DOES 1 through 50, inclusive, for engaging in a pattern of wage and hour violations under the California Labor Code and the applicable IWC Wage Order. Plaintiff brings this action on behalf of all other current and former non-exempt employees of Defendants who were employed in the State of California during the relevant statutory period and who suffered at least one of the Labor Code violations alleged herein (hereinafter "aggrieved employees").

3.    Defendants' systematic pattern of wage and hour and IWC Wage Order violations toward Plaintiff and all other similarly situated and/or aggrieved employees in California include, *inter alia*:

      a.    Failure to pay minimum wages;

      b.    Failure to pay overtime wages;

      c.    Failure to pay wages according to a statutory or contractual wage scale;

      d.    Failure to provide compliant meal periods;

      e.    Failure to authorize and permit compliant rest periods;

      f.    Failure to provide accurate itemized wage statements; and

      g.    Failure to timely pay all wages due upon separation of employment.

4.    Plaintiff brings this lawsuit against Defendants seeking restitution, declaratory judgment, injunctive relief, and monetary relief on behalf of all other similarly situated and/or aggrieved employees

Graham**Hollis** APC
3555 Fifth Avenue Suite 200
San Diego, California 92103

of Defendants.  Plaintiff seeks to recover, *inter alia*, unpaid wages, interest, liquidated damages, attorney's fees, damages, and costs pursuant to California Labor Code sections 201, 202, 203, 204, 210, 218.5, 218.6, 223, 225.5, 226, 226.2, 226.3, 226.7, 510, 512, 558, 1174, 1175.5, 1194, 1194.2, 1197, 1198, and 2698, *et seq.*, California Business and Professions Code section 17200, *et seq.*, and the provisions of the applicable IWC Wage Order.

5.     Plaintiff reserves the right to name additional representatives in California.

## II.     PARTIES

**A.     Plaintiff**

6.     Plaintiff is a former non-exempt employee of Defendants, who, at all relevant times, was employed as a freight handler (also known as a "lumper") from approximately February 13, 2015 through May 29, 2015 and September 14, 2017 through December 20, 2017.

7.     Plaintiff is a resident of the State of California and Defendants' conduct, as alleged herein, occurred in various counties throughout the State of California, including Santa Clara County.

8.     Plaintiff is an "aggrieved employee" within the meaning of Labor Code section 2699(c) because he was employed by Defendants and suffered one or more of the Labor Code violations committed by Defendants.

9.     At all relevant times, Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees of Defendants in California were subject to the same policies, practices, and procedures governing their employment and their payment of wages earned and hours worked.

**B.     Defendants**

10.     Defendant Capstone Logistics, LLC is a Delaware limited liability company that employed Plaintiff in California and employs similarly situated and/or aggrieved employees throughout California, including Santa Clara County.

11.     Defendant Pinnacle Workforce Logistics, LLC is a Delaware limited liability company that employed Plaintiff in California and employs similarly situated and/or aggrieved employees throughout California, including Santa Clara County.

12.     Defendants are third-party warehouse servicers that provide a full range of logistical services to companies in warehouse, distribution, and manufacturing industries, including unloading,

Graham**Hollis** APC
3555 Fifth Avenue Suite 200
San Diego, California 92103

loading, cross-docking, palletization, case breaking, and order selection services. Defendants operate approximately 240 locations across the United States, including numerous locations throughout California, including Santa Clara County.

13. The true names and capacities of the Defendants named as DOES 1 through 50, inclusive, are presently unknown to Plaintiff. Plaintiff will amend this Complaint, setting forth the true names and capacities of the fictitious Defendants if and when their true names are ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitious Defendants participated in the acts alleged in this Complaint.

14. Plaintiff is informed and believes that at all relevant times, each Defendant, whether named or fictitious, exercised control over Plaintiff's and similarly situated and/or aggrieved employees' wages and hours of work and/or working conditions and was the alter ego of each of the other Defendants.

15. Plaintiff is informed and believes that each Defendant, whether named or fictitious, was the agent, employee, or other person acting on behalf of every other Defendant and, in committing the violations alleged in this Complaint, acted within the scope of such agency or employment and ratified the acts of each other Defendant.

16. Plaintiff is further informed and believes that at all relevant times, each Defendant, whether named or fictitious, acted as the agent for each of the other Defendants in carrying out a joint scheme, business plan or policy, and that a unity of interest and ownership between each Defendant exists such that all Defendants acted as a single employer and that the acts of each Defendant are legally attributable to all other Defendants.

17. At all relevant times, Defendants were Plaintiff's and all similarly situated and/or aggrieved employees' "employer" according to the definitions set forth in the California Labor Code and the applicable IWC Wage Order.

18. Plaintiff and all similarly situated and/or aggrieved employees of Defendants are, and at all relevant times during the statutory period were, Defendants' "employees" according to the definitions set forth in the California Labor Code and the applicable IWC Wage Order.

///

///

Graham**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

### III.    JURISDICTION AND VENUE

19.    Defendants removed this action to the United States District Court, Northern District of California from the Superior Court of the State of California, County of Santa Clara on May 21, 2018 pursuant to 28 U.S.C. sections 1441, 1446, and 1453 and 28 U.S.C. section 1332, the Class Action Fairness Act of 2005 ("CAFA").Venue is proper in the United States District Court, Northern District of California, to the extend that this Court has jurisdiction under the CAFA, because Defendants maintain offices and/or transact substantial business in Santa Clara County, employed/employs putative Class Members in Santa Clara County, and the unlawful acts alleged herein occurred in Santa Clara County and have a direct effect on putative Class Members within Santa Clara County.

### IV.    GENERAL ALLEGATIONS

20.    Plaintiff is a former, non-exempt employee of Defendants who was employed as a freight handler for Defendants from approximately February 13, 2015 through May 29, 2015 and September 14, 2017 through December 20, 2017.

21.    The primary duties of a freight handler are to receive and unload Defendants' clients' trucks, palletize materials, and break down pallets. At all times throughout his employment, Plaintiff was compensated on a piece rate basis, which is determined by the content, volume, and weight of the trucks that Plaintiff and the other non-exempt employees unloaded.  Plaintiff only received an hourly rate of $12.50 per hour at the beginning of his employment for "training pay."  Defendants did not pay Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees a salary in addition to their piece rate wages.  On information and belief, at no point during his employment did Defendants change Plaintiff's piece rate compensation method.

22.    On information and belief, Defendants never assigned Plaintiff a regular rate of pay or contractual hourly rate for the compensation of the hours that he worked on non-piece rate work, or for the hours that he worked or was under the control of the Defendants but was not allowed to earn piece rate compensation.

23.    Defendants denied Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees, certain rights afforded to them under the California Labor Code and the applicable IWC Wage Order.  Specifically, Plaintiff alleges that Defendants did not properly compensate Plaintiff

and other similarly situated and/or aggrieved employees for all hours worked, failed to provide compliant meal periods, failed to authorize and permit compliant rest periods, failed to pay all minimum, regular, and overtime wages owed, did not provide accurate itemized wage statements, and did not pay all wages due and owing by the times set forth by law.

24.     On information and belief, Defendants failed to properly pay Plaintiff and other similarly situated and/or aggrieved employees all minimum, regular, and/or overtime wages that they were owed for all of the time that they were suffered or permitted to work or remained subject to Defendants' control because Plaintiff and other similarly situated and/or aggrieved employees did not receive all minimum, regular, and/or overtime wages for the hours they worked performing non-piece rate work at the request of Defendants. For example, Defendants required Plaintiff and other similarly situated and/or aggrieved employees to clean and organize the unloading area and to wait for trucks to arrive at their facilities, however, Defendants did not properly pay Plaintiff and other similarly situated and/or aggrieved employees minimum wages for this non-piece rate work, during which time they were prevented from earning piece rate compensation. On occasions, Defendants paid $0 wages for these tasks, as these tasks were non-piece rate tasks and Defendants did not pay any additional wages for these hours worked.

25.     On information and belief, Defendants did not pay Plaintiff and other similarly situated and/or aggrieved employees for all hours worked because they implemented a system whereby Plaintiff's and other similarly situated and/or aggrieved employees' piece rate earned was improperly reduced and averaged among all the hours recorded during the pay period.  Thus, instead of paying Plaintiff the actual earned piece rate for each task completed, plus an additional amount for each non-piece rate work, Defendants improperly reduced and averaged the piece rate earned to compensate for other piece rate work, as well as for non-piece rate work, which resulted in Defendants paying Plaintiff and other similarly situated and/or aggrieved employees less than minimum wage.  For example, under Defendants' piece rate compensation method, Plaintiff was sometimes entitled to receive upwards of $40 for some of the piece rate tasks he performed. However, Plaintiff was rarely (if ever) paid the full $40-piece rate he was entitled to receive because Defendants improperly reduced and averaged Plaintiff's piece rate among all the hours recorded during the pay period to make it seem like Defendants were compensating him at least $14.00 for all hours worked.

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

26.     Therefore, although Defendants purported to pay Plaintiff and other similarly situated and/or aggrieved employees an hourly rate of pay (which they called "Productive Reg."), on information and belief, Defendants only paid Plaintiff and other similarly situated and/or aggrieved employees their contractual piece rate averaged among all the hours they worked and paid *nothing*, or less than minimum wage, for any non-piece rate work. Instead of paying the full amount of the contractual piece rate and at least minimum wage for all hours worked, Defendants developed an illegal pay scheme, which resulted in Plaintiff and other similarly situated and/or aggrieved employees earning less than minimum wage for each hour worked because the "Productive Reg." was improperly averaged from Plaintiff's and other similarly situated and/or aggrieved employees' piece rate and non-piece rate work, in violation of California law. California law precludes an employer from averaging an employee's compensation over the total number of hours worked to determine compliance with the Labor Code's minimum wage standards. *See Armenta v. Osmose* (2005) 135 Cal.App.4th 314, 322-24 (prohibiting averaging an employee's wages over total hours worked to meet California minimum wage law); *Gonzalez v. Downtown LA Motors, LP* (2013) 215 Cal.App.4th 36 (averaging piece rate wages over total hours worked results in underpayment of employee wages required "by contract" in violation of Labor Code sections 221 and 223.)

27.     In addition, and as a result of Defendants' improper piece rate compensation/averaging scheme, Defendants also failed to pay Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees all overtime wages that they were owed for the overtime hours that they worked because Defendants failed to properly calculate Plaintiff's and other similarly situated and/or aggrieved employees' applicable regular rate of pay.  Due to Defendants' failure to properly calculate Plaintiff's and other similarly situated and/or aggrieved employees' applicable regular rate of pay, Defendants also failed to properly calculate Plaintiff's and other similarly situated and/or aggrieved employees' overtime rate, resulting in them being underpaid all overtime wages that they were owed.

28.     As a result of Defendants' improper piece rate compensation/averaging scheme, the difference between the regular rate of pay for all the non-piece rate work and the piece rate pay earned by Plaintiff and other similarly situated and/or aggrieved employees was not depicted as separate earnings on their wage statements but rather were all lumped together under what they called "Productive Reg." rate.

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

Therefore, the "Productive Reg." rate in Plaintiff's wage statements did not reflect his actual agreed upon compensation per hour worked, but rather the total piece rate compensation earned divided by the total hours recorded under Defendants' time-keeping system. Thus, Plaintiff and other similarly situated and/or aggrieved employees were not promptly and easily able to determine from their wage statements alone their correct total hours worked and/or determine the accurate wages due and owing without reference to other documents and information.

29.    On information and belief, the wage statement omissions and/or inaccuracies were not a result of an isolated or unintentional payroll error, but rather a result of knowing and intentional omissions by Defendants.  Defendants intentionally and knowingly failed to provide Plaintiff and other similarly situated and/or aggrieved employees with timely and accurate itemized wage statements, because, for the reasons discussed above,  Plaintiff and other similarly situated and/or aggrieved employees were not paid all compensation due and owing by Defendants and the wage statements furnished by Defendants, therefore, failed to show the number of piece rate units earned, the correct applicable hourly rate of pay, the accurate number of hours worked, and the gross and net wages earned.  In addition, because Plaintiff and other similarly situated and/or aggrieved employees were compensated on a piece rate basis, the wage statements issued by Defendants also failed to show the total hours of non-piece rate work, in violation of Labor Code section 226.2.

30.    The nature of Plaintiff's and, on information and belief, other similarly situated and/or aggrieved employees' job duties did not prevent them from being relieved of all duties for a timely 30-minute, off-duty meal period and Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees did not sign a valid on-duty meal period agreement at any point during their employment with Defendants.

31.    Defendants had a pattern and practice of not providing Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees with timely and legally compliant meal periods, even though Plaintiff and other similarly situated and/or aggrieved employees worked more than six (6) hours during their workday.  For example, on information and belief, Defendants did not have a compliant meal period policy and did not inform Plaintiff and other similarly situated and/or aggrieved employees of their right to take 30-minute, off-duty meal periods before the end of their fifth hour of work

1    when they worked shifts in excess of five hours.  Due to the absence of compliant meal period policies

2    and procedures, Plaintiff and, on information and belief, other similarly situated and/or aggrieved

3    employees were often instructed to finish unloading trucks before taking their meal periods in order to

4    increase their piece rate earnings and, as a result, were denied the opportunity to take timely and compliant

5    meal periods in violation of Labor Code section 512 and the "Meal Periods" section of the applicable IWC

6    Wage Order.

7         32.    In addition, although Defendants had a pattern and practice of not providing Plaintiff and

8    other similarly situated and/or aggrieved employees with timely and compliant meal periods, on

9    information and belief, Defendants also did not compensate Plaintiff and other similarly situated and/or

10   aggrieved employees with an additional hour of pay at their regular rate of pay for the days on which

11   Plaintiff and other similarly situated and/or aggrieved employees were not provided timely and compliant

12   meal periods, in violation of Labor Code section 226.7 and the "Meal Periods" section of the applicable

13   IWC Wage Order.  For example, Plaintiff's meal periods were routinely upward of forty-five minutes to

14   an hour late because Defendants instructed Plaintiff to finish unloading trucks before taking his meal

15   periods and Plaintiff did not receive an additional hour of pay at his regular rate of pay for any of the

16   workdays on which he was not provided a timely and compliant meal period.

17        33.    Defendants also had a pattern and practice of not providing Plaintiff and, on information

18   and belief, other similarly situated and/or aggrieved employees with legally compliant rest periods even

19   though Plaintiff and other similarly situated and/or aggrieved employees worked at least 3.5 hours during

20   their workday.  On information and belief, this primarily occurred because Plaintiff and other similarly

21   situated and/or aggrieved employees were not authorized or permitted to take paid statutory rest periods

22   because, under Defendants' piece rate compensation scheme, Defendants failed to properly compensate

23   Plaintiff and other similarly situated and/or aggrieved employees for their time spent taking rest periods

24   at their correct regular rate of compensation.  Instead, on information and belief, Defendants calculated

25   Plaintiff's and other similarly situated and/or aggrieved employees' wages due for their paid rest periods

26   by dividing their total piece rate pay by all of their hours worked, the calculation of which included both

27   piece rate work and non-piece rate work that was not otherwise compensated. Due to Defendants' pattern

28   and practice of miscalculating Plaintiff's and similarly situated and/or aggrieved employees' respective

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

regular rates of pay by including both piece rate and non-piece rate work, Defendants failed to authorize and permit Plaintiff and other similarly situated and/or aggrieved employees to take truly compliant paid rest periods because the pay for the rest periods was underpaid.

34.    Although Plaintiff's and other similarly situated and/or aggrieved employees' paid rest periods were non-compliant, Defendants did not compensate Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees an additional hour of pay at their regular rate of pay for the days on which Plaintiff and other similarly situated and/or aggrieved employees were not provided compliant rest periods, in violation of Labor Code section 226.7 and the "Rest Periods" section of the applicable IWC Wage Order.

35.    As a result of Defendants' aforementioned violations, Defendants failed to pay Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees all wages due and owing at the time of their separation of employment within the time specified by Labor Code sections 201 and 202.

36.    On information and belief, the Labor Code and IWC Wage Order violations described herein are continuing and Defendants have not modified their policies or procedures to ensure compliance with California law since Plaintiff's separation of employment

37.    Based on the foregoing violations of the Labor Code and the applicable IWC Wage Order, Defendants engaged in unfair business practices in California and willingly and knowingly engaged in employment patterns and practices that violated Business & Professions Code section 17200 *et seq*., and Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees suffered damages due to Defendants' unfair, unlawful and/or fraudulent actions.

## V.    THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT ("PAGA") REPRESENTATIVE ACTION DESIGNATION

38.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

39.    The Causes of Action alleged herein are appropriately suited for a PAGA action because:

a.    Pursuant to California Labor Code section 2699(a), any provision of the Labor Code "that provides for a civil penalty to be assessed and collected by the Labor and

Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in section 2699.3."

b.    This action involves allegations of violations of provisions of the California Labor Code that provide for a civil penalty to be assessed and collected by the LWDA or any departments, divisions, commissions, boards, agencies or employees; and

c.    Plaintiff is an "aggrieved employee" because he was employed by the alleged violators and had one or more of the alleged violations committed against him.

40.    On April 13, 2018, Plaintiff satisfied the procedural requirements of section 2699.3 by serving the LWDA, via the online LWDA filing system, and Defendants, via Certified Mail, with his notice for wage and hour violations and penalties, including the facts and theories to support each violation.

41.    The LWDA did not provide notice of its intent to investigate Plaintiff's PAGA claims and more than 65 days passed after Plaintiff served notice to the LWDA and Defendants. Therefore, Plaintiff satisfied all the administrative requirements to pursue civil penalties against Defendants pursuant to Labor Code section 2698, *et seq*.

42.    Plaintiff filed this action pursuant to Labor Code section 2699(a) and (f), on behalf of himself and all other current and former aggrieved employees of Defendants in California to recover civil penalties, including unpaid wages, which are to be paid to the affected employees pursuant to Labor Code sections 558 and 1197.1.

43.    At all relevant times, Defendants were Plaintiff's employer or person acting on behalf of Plaintiff's employer, within the meaning of California Labor Code section 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any order of the Industrial Welfare Commission and, as such, is subject to penalties for each underpaid employee, as set forth in Labor Code section 558.

///

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

Graham**Hollis** APC
3555 Fifth Avenue Suite 200
San Diego, California 92103

44. Defendants were also Plaintiff's employer or person acting on behalf of Plaintiff's employer either individually or as an officer, agent, or employee of another person, within the meaning of California Labor Code section 1197.1, who paid or caused to be paid to any employee a wage less than the minimum fixed by California state law, and as such, is subject to civil penalties for each underpaid employee, as well as liquidated damages pursuant to Labor Code section 1194.2, and any applicable penalties imposed pursuant to Labor Code section 203.

45. Plaintiff seeks to recover all applicable civil penalties under PAGA on behalf of himself and all other aggrieved employees of Defendants in California including, but not limited to, all unpaid and/or underpaid wages pursuant to Labor Code sections 558 and 1197.1, in accordance with *Reynolds v. Bement*, 36 Cal.4th 1075, 1089 (2005) and *Thurman v. Bayshore Transit Management, Inc.*, 203 Cal. App. 4th 1112 (2012).

## VI.   CLASS ACTION DESIGNATION

46. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

47. Plaintiff brings Causes of Action One through Eight as a Class Action pursuant to California Code of Civil Procedure section 382, on behalf of all current and former non-exempt employees of Defendants in California who were affected by Defendants' Labor Code, Business and Professions Code, and IWC Wage Order violations, as alleged herein.

48. The putative Class that Plaintiff seeks to represent is defined as follows:

**The Non-Exempt Class**: "All current and former non-exempt employees of Defendants who were employed in the State of California and were compensated on a piece rate basis at any time from April 6, 2014 to the present."

49. Plaintiff also seeks to represent the following Subclass:

**The Waiting Time Penalties Subclass**: "All members of the Non-Exempt Class whose employment with Defendants ended at any time from and after April 6, 2015.

50. Pursuant to California Rule of Court 3.765(b), Plaintiff reserves the right to modify the Class or Subclass definitions with greater specificity or further division into subclasses or limitation to a particular issue.

51.    Causes of Action One through Eight are appropriately suited for a class action pursuant to section 382 of the California Code of Civil Procedure because the following requirements are met:

a.    **Numerosity**: The members of the Class are sufficiently numerous to render joinder of all members impracticable.  While Plaintiff has not yet determined the precise number of members of the Class, Plaintiff is informed and believes the Class and Subclass likely consist of hundreds of individuals.  Although the exact number is currently unknown to Plaintiff, this information is easily ascertainable from Defendants' payroll records and other personnel records.

b.    **Commonality**: Common questions of law and fact exist as to all class members and predominate over any questions affecting only individual members of the Class or Subclass.  The common questions of law and fact that predominate include, but are not limited to:

i.    Whether Defendants failed to provide Class Members uninterrupted and duty-free 30-minute meal periods before the commencement of their sixth hour of work;

ii.    Whether Defendants failed to authorize and permit Class Members to take uninterrupted and duty-free 10-minute rest periods for every four hours worked, or major fraction thereof;

iii.    Whether Defendants failed to pay Class Members meal and rest period premium wages for each day Class Members were not provided compliant meal and rest periods;

iv.    Whether Defendants failed to pay Class Members at least minimum and/or all regular wages owed for all hours or fractions of an hour that they were suffered or permitted to work and/or remained under the control of Defendants;

v.    Whether Defendants failed to pay Class Members all overtime wages for all hours or fractions of an hour that they were suffered or permitted to work and/or remained under the control of Defendants

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

13

in excess of 8 hours in a workday or 40 hours in a workweek;

vi.    Whether Defendants failed to provide Class Members with accurate itemized wage statements showing, among other things, the correct number of hours worked and the correct amount of gross and net wages earned; and

vii.    Whether Defendants failed to pay Class Members all of their wages owed within the required time frames upon separation of employment.

c.    **Typicality**: Plaintiff's claims are typical of the claims of all putative Class Members because Plaintiff and all putative Class Members' claims arise from the same event, practice and/or course of conduct of Defendants.  Plaintiff and all putative Class Members sustained similar injuries and damages arising from Defendants' illegal policies, practices and/or common course of conduct that violated California wage and hour laws and/or constituted illegal, unfair, or fraudulent business practices.  Furthermore, Plaintiff's claims under the Labor Code and applicable IWC Wage Order are also typical of the Class and Subclass because Defendants' failure to comply with the provisions of California's wage and hour laws entitles Plaintiff and each putative Class Member to similar pay, benefits and other relief.  Accordingly, the legal theories and the remedies sought by Plaintiff and putative Class Members are the same.

d.    **Adequacy of Representation**: Plaintiff has no conflicts of interest with the Class he wishes to represent and will fairly and adequately protect the interests of putative Class Members because it is in Plaintiff's best interest to prosecute the claims alleged herein to obtain full compensation and penalties due to him and the Class. In addition, Plaintiff retained counsel highly experienced in labor and employment litigation, with significant wage and hour class action experience.

e.    **Superiority of Class Action**: Plaintiff believes a class action is a superior method of litigation for the fair and efficient adjudication of this controversy as individual

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

joinder of all putative Class Members is not practicable.  Class action treatment will allow similarly situated employees to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  Plaintiff knows of no difficulty that might be encountered in the management of this suit, which would preclude maintenance as a class action.

## VII.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

#### FAILURE TO PAY MINIMUM WAGES

(Violation of Labor Code sections 1194, 1197, 1198 and the "Minimum Wages" section of the Applicable IWC Wage Order)

(Alleged by Plaintiff Individually and on Behalf of the Non-Exempt Class Against Defendants)

52.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

53.    Plaintiff and the Non-Exempt Class are, and were, non-exempt employees of Defendants within the meaning of the Labor Code and the applicable IWC Wage Order.

54.    Labor Code section 1197 provides, "[t]he minimum wage for employees fixed by the Commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum wage so fixed is unlawful."

55.    The "Minimum Wages" section of the applicable IWC Wage Order provides that an employer may not pay employees less than the applicable minimum wage for all hours worked.

56.    The applicable IWC Wage Order defines the term "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

57.    Furthermore, Labor Code section 1198 provides, "[t]he maximum hours of work and the standard conditions of labor fixed by the Commission shall be the maximum hours of work and the standard conditions of labor for employees.  The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

///

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

58.     Defendants failed to pay Plaintiff and, on information and belief, Non-Exempt Class members at least minimum wages for all the time spent working and under Defendants' control because Defendants' piece rate compensation scheme failed to properly pay Plaintiff and the Non-Exempt Class employees for the time spent performing non-piece rate work.  As discussed above, Defendants did not pay Plaintiff and Non-Exempt Class members for all hours worked because they implemented a system whereby Plaintiff's and the Non-Exempt Class' piece rate earned was improperly reduced and averaged among all the hours recorded during the pay period.  Thus, instead of paying Plaintiff and Non-Exempt Class members the *actual earned piece rate for each task completed*, plus an additional amount for each non-piece rate work, Defendants improperly reduced and averaged the piece rate earned to compensate for other piece rate work, during which time the piece rate per hour was *less* than minimum wage, as well as for non-piece rate work, for which Defendants paid $0 wages or less than minimum wage.

59.     Labor Code section 1194 provides, in part, that any employee receiving less than the minimum wage is entitled to recover in a civil action the unpaid balance of the minimum wage, including interest thereon, reasonable attorney's fees, and costs of suit.

60.     Labor Code section 1194.2 allows an employee to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon for any action under Labor Code section 1194.

61.     As a direct result of Defendants' violations alleged herein, Plaintiff and members of the Non-Exempt Class suffered, and continue to suffer, substantial losses related to the use and enjoyment of compensation due and owing to them, including lost interest on such monies and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES

(Violation of Labor Code sections 510, 1194, and 1198 and the "Hours and Days of Work" section of the Applicable IWC Wage Order)

(Alleged By Plaintiff Individually and On Behalf of the Non-Exempt Class Against Defendants)

62.   Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

63.   Plaintiff and Non-Exempt Class members are, and were, non-exempt employees of Defendants in California within the meaning of the Labor Code and the applicable IWC Wage Order.

64.   Labor Code section 510 provides, "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

65.   Labor Code section 1194 provides that any employee receiving less than the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the amount of this overtime compensation, interest thereon, reasonable attorney's fees, and costs of suit.

66.   Furthermore, pursuant to Labor Code section 1198, the standard conditions of labor fixed by the commission shall be the standard conditions of labor for employees. The employment of any employee under conditions of labor prohibited by the IWC Wage Order is unlawful.

67.   The applicable IWC Wage Order requires every employer to pay to each non-exempt employee wages not less than one and one-half times the regular rate of pay for an employee for any hours worked in excess of eight hours in one workday and any work in excess of 40 hours in one workweek and the first eight hours worked on the seventh day of work in any one workweek.

68.   The applicable IWC Wage Order defines the term "hours worked" as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

69.   In California, overtime is computed based on the regular rate of pay.  The regular rate of pay includes all different types of remuneration, including hourly earnings, salary, piecework earnings, commissions, and non-discretionary bonuses, and the value of meals and lodging.

///

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

70.    Plaintiff and, on information and belief, the Non-Exempt Class regularly worked over 8 hours per day and 40 hours per week while employed by Defendants; however, Plaintiff and, on information and belief, the Non-Exempt Class did not receive all overtime compensation owed for all overtime hours worked over 8 hours per day and/or 40 hours per week during their employment with Defendants.

71.    As discussed above, due to Defendants' improper piece rate compensation/averaging scheme, Defendants also failed to pay Plaintiff and, on information and belief, other similarly situated employees all overtime wages that they were owed for the overtime hours that they worked because Defendants failed to properly calculate Plaintiff's and other similarly situated employees' applicable regular rate of pay.  Due to Defendants' failure to properly calculate Plaintiff's and other similarly situated employees' applicable regular rate of pay, Defendants also failed to properly calculate Plaintiff's and other similarly situated employees' overtime rate, resulting in them being underpaid all overtime wages that they were owed.

72.    Plaintiff and the Non-Exempt Class suffered and continue to suffer losses related to the use and enjoyment of compensation due and owing to them as a direct result of Defendants' unlawful acts and Labor Code violations in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

### THIRD CAUSE OF ACTION

### FAILURE TO PAY WAGES ACCORDING TO STATUTORY OR CONTRACTUAL WAGE SCALE

(Violation of Labor Code sections 223 and 1198 and the "Minimum Wages" section of the applicable IWC Wage Order)

(Alleged By Plaintiff Individually and On Behalf of the Non-Exempt Class Against Defendants)

73.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

///

///

74.    Pursuant to Labor Code section 223, "[w]here any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

75.    The applicable IWC Wage Order defines the term "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

76.    As discussed above, Defendants failed to properly compensate Plaintiff and members of the Non-Exempt Class for all hours worked according to the designated wage scale, as required by California law, because Defendants implemented a system whereby Plaintiff's and the Non-Exempt Class' piece rate earned was improperly reduced and averaged among all the hours recorded during the pay period. Thus, instead of paying Plaintiff and the Non-Exempt Class the *actual earned piece rate for each task completed*, plus an additional amount for each non-piece rate work, Defendants improperly reduced and averaged the piece rate earned to compensate for other piece rate work.

77.    Thus, instead of paying the full amount of the contractual piece rate for all hours worked, Defendants illegal pay scheme improperly averaged from Plaintiff's and the Non-Exempt Class' piece rate and non-piece rate work, in violation of California law. California law precludes an employer from averaging an employee's compensation over the total number of hours worked to determine compliance with the Labor Code's minimum wage standards. *See Armenta v. Osmose* (2005) 135 Cal.App.4th 314, 322-24 (prohibiting averaging an employee's wages over total hours worked to meet California minimum wage law); *Gonzalez v. Downtown LA Motors, LP* (2013) 215 Cal.App.4th 36 (averaging piece rate wages over total hours worked results in underpayment of employee wages required "by contract" in violation of Labor Code sections 221 and 223.).

78.    Plaintiff and the Non-Exempt Class suffered and continue to suffer losses related to the use and enjoyment of compensation due and owing to them as a direct result of Defendants' unlawful acts and Labor Code violations in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

///

///

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

(Violation of Labor Code sections 226.7, 512, 1198 and the "Meal Periods" section of the applicable

IWC Wage Order)

(Alleged by Plaintiff Individually and on Behalf of the Non-Exempt Class Against Defendants)

79.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

80.     Plaintiff and members of the Non-Exempt Class are, and were, non-exempt employees of Defendants within the meaning of the Labor Code and the applicable IWC Wage Order.

81.     Labor Code section 512 provides: "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.  An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

82.     Labor Code section 226.7 requires that employers provide their non-exempt employees with meal periods as mandated by the applicable Wage Order of the Industrial Welfare Commission, and prohibits employers from requiring any employee "to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

83.     Labor Code section 1198 provides, "[t]he maximum hours of work and the standard conditions of labor fixed by the Commission shall be the maximum hours of work and the standard conditions of labor for employees.   The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

84.     The "Meal Periods" section of the applicable IWC Wage Order provides, in part, "[i]f an employer fails to provide an employee a meal period in accordance with the applicable provision of this

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

85.     On information and belief, Plaintiff and the Non-Exempt Class were subject to the same policies, practices, and procedures governing the scheduling of meal periods.

86.     On information and belief, Defendants have a pattern and practice of not providing Plaintiff and the Non-Exempt Class with legally compliant 30-minute off-duty meal periods during their shifts, even though they worked more than 6 hours during their workday.

87.     Plaintiff and, on information and belief, the Non-Exempt Class were unable to take timely and compliant meal periods because, on information and belief, Defendants did not have a compliant meal period policy and did not inform Plaintiff and the Non-Exempt Class of their right to take a 30-minute, off-duty meal period before the end of their fifth hour of work when they worked shifts in excess of five hours.  Due the absence of compliant meal period policies and procedures, Plaintiff and, on information and belief, the Non-Exempt Class were often instructed to finish unloading trucks before taking their meal periods in order to increase their piece rate earnings and, as a result, were regularly denied the opportunity to take timely and compliant meal periods before the end of their fifth hour of work, in violation of Labor Code section 512 and the "Meal Periods" section of the applicable IWC Wage Order.

88.     Plaintiff and, on information and belief, the Non-Exempt Class members did not sign a valid on-duty meal period agreement at any point during their employment with Defendants.

89.     Therefore, as a result of Defendants' conduct, including the conduct alleged herein, Defendants violated Labor Code sections 226.7, 512, and 1198, as well as the applicable IWC Wage Order and, pursuant to Labor Code section 226.7(b) and the "Meal Periods" section of the Wage Order, Defendants were required to pay Plaintiff and the Non-Exempt Class one additional hour of pay at their regular rate of compensation for each day that Defendants did not provide Plaintiff and the Non-Exempt Class with a 30-minute, uninterrupted, duty-free meal period before the end of their fifth hour of work.

90.     Despite this obligation, Defendants did not pay Plaintiff and, on information and belief, the Non-Exempt Class one additional hour of pay at each employee's regular rate of compensation for each day that Defendants did not provide Plaintiff and the Non-Exempt Class with a 30-minute, uninterrupted, duty-free meal period before the commencement of their sixth hour of work.

91.     Instead, on information and belief, Defendants have a common policy and practice of failing to compensate Plaintiff and the Non-Exempt Class with an hour of pay at their regular rate of pay for the times that Defendants did not provide Plaintiff and the Non-Exempt Class with a 30-minute, uninterrupted, duty-free meal period before the commencement of their sixth hour of work, as required by Labor Code section 226.7(b) and the IWC Wage Order.

92.     Accordingly, and as a direct result of Defendants' Labor Code and IWC Wage Order violations alleged herein, Plaintiff and members of the Non-Exempt Class suffered, and continue to suffer, losses related to the use and enjoyment of compensation due and owing to them, including the failure to pay an additional hour of pay for each day a meal period was not provided, in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.  Plaintiff and the Non-Exempt Class suffered and continue to suffer losses related to Defendants' failure to pay an additional hour of pay for each day a legally compliant meal period was not provided and the associated use and enjoyment of compensation due and owing to them.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## FIFTH CAUSE OF ACTION

## FAILURE TO AUTHORIZE AND PERMIT REST PERIODS

(Violation of Labor Code sections 226.7, 1198 and the "Rest Periods" section of the applicable IWC Wage Order)

(Alleged by Plaintiff Individually and on Behalf of the Non-Exempt Class Against Defendants)

93.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

94.     Plaintiff and Non-Exempt Class members were, and are, non-exempt employees of Defendants in California within the meaning of the Labor Code and the applicable IWC Wage Order.

95.     Labor Code section 226.7 requires employers to provide to their non-exempt employees, including Plaintiff, paid rest periods as mandated by the IWC Wage Orders.

96.     Labor Code section 1198 states: "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1  under conditions of labor prohibited by the order is unlawful."

2  97.   The "Rest Periods" section of the applicable IWC Wage Order states that every employer

3  shall authorize and permit all employees to take paid rest periods, which insofar as practicable shall be in

4  the middle of each work period. The authorized rest period shall be based on the total hours worked daily

5  at the rate of ten (10) minutes rest time per four (4) hours, or major fraction thereof. Authorized rest period

6  time shall be counted as hours worked, for which there shall be no deduction from wages.

7  98.   On information and belief, Plaintiff and the Non-Exempt Class were subject to the same

8  policies, practices, and procedures governing the scheduling of rest periods.

9  99.   Defendants have a pattern and practice of not providing Plaintiff and, on information and

10  belief, the Non-Exempt Class with legally compliant rest periods, even though Plaintiff and the Non-

11  Exempt Class worked at least 3.5 hours during their workday.  On information and belief, this primarily

12  occurred because Plaintiff and the Non-Exempt Class were not authorized or permitted to take truly

13  compliant paid statutory rest periods because, under Defendants' piece rate compensation scheme,

14  Defendants failed to properly compensate them for their time spent on rest periods at their correct regular

15  rate of compensation.  Instead, on information and belief, Defendants calculated Plaintiff's and the Non-

16  Exempt Class' wages due for their paid rest periods by dividing their total piece rate pay by all of their

17  hours worked, the calculation of which included both piece rate work and non-piece rate work that was

18  not otherwise compensated. Due to Defendants' pattern and practice of miscalculating Plaintiff's and the

19  Non-Exempt Class' respective regular rates of pay by including both piece rate and non-piece rate work,

20  Defendants failed to authorize and permit Plaintiff and the Non-Exempt Class to take truly compliant paid

21  rest periods because the pay for rest periods was underpaid.

22  100.   Pursuant to Labor Code section 226.7 and the "Rest Periods" section of the applicable

23  Wage Order, employers are prohibited from requiring employees to work during required rest periods and

24  employers are required to pay non-exempt employees a premium wage equivalent to one hour of pay at

25  the employees' regular rate of pay on each workday that the employee is not permitted to take a rest period.

26  101.   Even though Plaintiff and, on information and belief, members of the Non-Exempt Class

27  were not authorized and permitted to take paid off-duty rest periods, Defendants did not pay Plaintiff and

28  the Non-Exempt Class all rest period premium wages owed for each workday in which Defendants did

Graham**Hollis** APC
3555 Fifth Avenue Suite 200
San Diego, California 92103

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

not authorize and permit Plaintiff and the Non-Exempt Class to take compliant rest periods, in violation of Labor Code section 226.7 and the applicable IWC Wage Order.

102.    On information and belief, Defendants have a common policy, pattern, and practice of failing to compensate Plaintiff and the Non-Exempt Class with an hour of pay at their regular rate of pay for the times that Plaintiff and the Non-Exempt Class were not authorized to take rest periods of at least 10 minutes for each four-hour work period, or major fraction thereof.

103.    Plaintiff and the Non-Exempt Class suffered and continue to suffer losses related to Defendants' failure to pay an additional hour of pay for each workday they were not authorized and permitted to take a compliant rest period and the associated use and enjoyment of compensation due and owing to them as a direct result of Defendants' Labor Code and IWC Wage Order violations.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

(Violation of Labor Code sections 226, 226.2, 1198 and the "Records" section of the applicable IWC Wage Order)

(Alleged by Plaintiff Individually and on Behalf of the Non-Exempt Class Against Defendants)

104.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

105.    Plaintiff and the Non-Exempt Class are, or were, non-exempt employees of Defendants within the meaning of the Labor Code and the applicable IWC Wage Order.

106.    Labor Code section 226(a) states in pertinent part: "[a]n employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee…an accurate itemized statement in writing showing": (1) Gross wages earned; (2) Total hours worked by the employee, except for an employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of section 515 or any applicable order of the Industrial Welfare Commission; (3) The number of piece-rate units earned and any applicable piece-rate if the employee is paid on a piece-rate basis; (4) All deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) Net wages earned; (6) The inclusive dates of the pay period for

which the employee is paid; (7) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number; (8) The name and address of the legal entity that is the employer; and (9) All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…"

107.    Labor Code section 226(e), in part, permits employees suffering injury to collect the greater of all actual damages or the amount specified in Labor Code section 226 per violation.  Labor Code section 226(e)(2)(B) states, in pertinent part, "an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a)."  Labor Code section 226(h) states, "[a]n employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees."

108.    Labor Code section 226.2(a) states, "[f]or employees compensated on a piece-rate basis during a pay period...[t]he itemized statement required by subdivision (a) of Section 226 shall, in addition to the other items specified in that subdivision, separately state the following, to which the provisions of Section 226 shall also be applicable: (A) The total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period."

109.    Labor Code section 226.2(a)(2)(B) also requires that the wage statements issued to employees include the total hours of non-piece rate work performed, the rate of compensation for such time, and the gross wages paid for such time for that time period.  Defendants failed to provide Plaintiff and members of the Non-Exempt with wage statements showing the total hours worked or the time spent by Plaintiff and members of the Non-Exempt Class on non-piece rate duties.

110.    Section 7(A)(6) of the "Records" section of the applicable IWC Order expands on this requirement and provides that in the event any "piece rate or incentive plan" is used in calculating the wages due, "an explanation of the incentive plan formula shall be provided to the employees." Section 7(A)(6) also provides that the employer must keep an accurate production record (including commission

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

or piece rate calculation) and make that record available to the employee upon reasonable request.

111.    Through Defendants' conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, Defendants intentionally and knowingly failed to provide Plaintiff and the Non-Exempt Class with timely and accurate itemized wage statements, as required by Labor Code sections 226 and the "Records" section of the applicable IWC Wage Order, because Plaintiff and the Non-Exempt Class were not paid all compensation due and owing by Defendants, including all minimum, regular, and overtime wages, as well as all meal and rest period premium wages. As a result, the wage statements furnished by Defendants failed to show the number of piece rate units earned, the applicable hourly rate, the accurate number of hours worked, and the gross and net wages earned.  In addition, because Plaintiff and the Non-Exempt Class were compensated on a piece rate basis, the wage statements issued by Defendants also failed to show the total hours of non-piece work performed, in violation of Labor Code section 226.2.

112.    On information and belief, the wage statement omissions and inaccuracies were not a result of an isolated or unintentional payroll error, but rather a result of knowing and intentional omissions by Defendants.  In addition, and as a result of these omissions and inaccuracies, Plaintiff and, on information and belief, the Non-Exempt Class were not promptly and easily able to determine the correct hours worked and/or determine the accurate wages due and owing without reference to other documents and information.

113.    Defendants' failure to provide accurate wage statements deprived Plaintiff and members of the Non-Exempt Class of the ability to promptly and easily understand and question the calculation and rate of pay and hours used to calculate the wages paid by Defendants.  Plaintiff and members of the Non-Exempt Class, therefore, had no way to dispute any error in the payment or calculation of their wages, all of which resulted in an unjustified economic enrichment to Defendants and Plaintiff and members of Non-Exempt Class suffered actual damages as a result.

114.    Defendants' failure to provide accurate itemized wage statements constitutes an injury as defined under Labor Code section 226(e)(2)(B). Therefore, Plaintiff and members of the Non-Exempt Class have suffered an injury for purposes of Labor Code section 226 and are entitled to recover the greater of all actual damages or the amount specified in section 226 per violation.

115.    As a direct result of Defendants' violations alleged herein, Plaintiff and members of the

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

Non-Exempt Class suffered, and continue to suffer, injury including substantial losses related to the use and enjoyment of such wages, lost interest on such monies and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at trial.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## SEVENTH CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT

(Violation of Labor Code sections 201 and 202)

(Alleged by Plaintiff Individually and on Behalf of the Waiting Time Penalties Subclass Against Defendants)

116.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

117.    Plaintiff and Waiting Time Penalties Subclass members are former non-exempt employees of Defendants in California within the meaning of the Labor Code and the applicable IWC Wage Order.

118.    Labor Code section 201(a) provides, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

119.    Labor Code section 202 provides, "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72-hour previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address…within 72 hours of the notice of quitting."

120.    Labor Code section 203(a) states, in relevant part, "[i]f an employer willfully fails to pay without abatement or reduction, in accordance with sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

121.    As a result of Defendants' conduct during the applicable statutory period, Defendants willfully failed to pay Plaintiff and, on information and belief, the Waiting Time Penalties Subclass all wages due and owing to them, including minimum, regular, or overtime wages for all the time they were suffered or permitted to work or were engaged in work under Defendants' control, as well as all meal period premium and rest period premiums owed within the time required by Labor Code sections 201 and 202, as applicable.  To date, Defendants have yet to pay Plaintiff and, on information and belief, other members of the Waiting Time Penalties Subclass the full amount of all wages due and owing to them.

122.    As a direct result of Defendants' violations alleged herein, Plaintiff and the Waiting Time Penalties Subclass members suffered and continue to suffer losses related to the use and enjoyment of wages due and owing to them, including lost interest on such monies and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200, *ET SEQ.*

(Alleged by Plaintiff Individually and on Behalf of the Non-Exempt Class Against Defendants)

123.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though set forth herein.

124.    California Business & Professions Code section 17200, *et seq.* prohibits acts of unfair competition, which include any "unlawful, unfair or fraudulent business act or practice…"

125.    Defendants' Labor Code and IWC Wage Order violations as alleged herein include, but are not limited to: (i) failure to provide Plaintiff and members of the Non-Exempt Class compliant meal periods; (ii) failure to authorize and permit Plaintiff and members of the Non-Exempt Class to take compliant rest periods; (iii) failure to pay Plaintiff and the Non-Exempt Class for all time suffered or permitted to work or under the control of Defendants; (iv) failure to provide Plaintiff and members of the Non-Exempt Class accurate itemized wage statements; and (v) failure to pay Plaintiff and members of the Waiting Time Penalties Subclass all wages due upon separation of employment.

126.    Through Defendants' conduct during the applicable statutory period, including, but not limited to the conduct alleged herein, Defendants engaged in unlawful, unfair, or fraudulent business practices in California by practicing, employing, and utilizing, the employment practices outlined in the preceding paragraphs all in violation of California law and the applicable IWC Wage Order. Defendants' use of such practices constitutes an unfair business practice, unfair competition, and provides an unfair advantage over Defendants' competitors doing business in the State of California that comply with their obligations to properly provide employment conditions in compliance with the law and pay employees for all earned wages and compensation as required by law.

127.    Plaintiff is informed and believes, and on that basis alleges, that at all times referenced herein, Defendants engaged in the above-mentioned acts of unlawful, deceptive, and unfair business practices prohibited by California Business and Professions Code section 17200 *et seq.,* including those set forth in the preceding paragraph, thereby depriving Plaintiff of the minimum working condition standards and conditions due, including those under the California Labor Code and the applicable IWC Wage Order.

128.    At all relevant times, Defendants held themselves out to Plaintiff and the Non-Exempt Class as being knowledgeable and adhering to the employment laws of California, and Plaintiff and members of the Non-Exempt Class relied on and believed Defendants' representations concerning Defendants' alleged compliance with California wage and hour laws and their provisions of competitive pay to be true, all to Plaintiff's and members of the Non-Exempt Class' detriment.

129.    Defendants intentionally avoided paying wages and their other financial obligations, which created an artificially lower cost of doing business, thereby enabling Defendants to secure a greater foothold in the marketplace, all to the detriment of Plaintiff and members of the Non-Exempt Class. By lowering their costs of doing business by paying Plaintiff and the Non-Exempt Class an amount less than what is required under the California Labor Code and the applicable IWC Wage Order, Defendants unfairly forced Plaintiff and the Non-Exempt Class to perform work without fair compensation and benefits.

130.    Defendants' scheme to lower their payroll costs and profit by withholding money, wages, compensation and benefits, which are the property of Plaintiff and the Non-Exempt Class, in violation of

the California Labor Code and the IWC Wage Orders, as alleged herein, constitutes an "unlawful, unfair or fraudulent business act or practice," under California Business and Professions Code section 17200, *et seq.* and *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163, 177-178 (2000).

131. Business and Professions Code section 17203 states, in relevant part, that "any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of section 17204."

132. Business and Professions Code section 17204, states, in relevant part, that "[a]ctions for relief pursuant to this chapter shall be prosecuted…by… a person who has suffered injury in fact and has lost money or property as a result of the unfair competition."

133. As a result of Defendants' unfair competition as alleged herein, Defendants acquired money and property from Plaintiff and the Non-Exempt Class by means of an unlawful practice that constitutes unfair competition as defined by section 17200. Thus, Plaintiff and the Non-Exempt Class are "persons in interest" under Business and Professions Code section 17203 who suffered injury in fact and lost money or property and to whom money and property should be restored.

134. Pursuant to Business and Professions Code sections 17203 and 17204, Plaintiff may pursue representative claims and relief on behalf of herself and the Non-Exempt Class and "[t]he court may make such orders or judgments, as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." Therefore, Plaintiff is entitled to an injunction and other declaratory and equitable relief against such practices to prevent future damage for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

135. Plaintiff is informed and believes, and on that basis alleges, that the illegal conduct alleged herein is continuing and there is no indication that Defendants will cease such activity in the future. Plaintiff alleges that if Defendants are not enjoined from the conduct set forth in this Complaint, Defendants will continue to fail to pay the wages and compensation required to be paid and will fail to comply with other requirements of the California Labor Code and the applicable IWC Wage Order.

136. Defendants reaped unfair benefits and illegal profits at the expense of Plaintiff and Class Members by committing the unlawful acts alleged herein. Thus, Defendants must make restitution and/or be subject to other equitable relief pursuant to Business & Professions Code section 17203, and restore all

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1  unpaid wages to Plaintiff and Class Members.

2      137.    As a result of Defendants' intentional, willful, purposeful and illegal misrepresentations of

3  their offering of competitive pay and conformance with the Labor Code and the applicable IWC Wage

4  Order, Plaintiff and members of the Non-Exempt Class suffered lost wages and monies, all in an amount

5  to be shown according to proof at trial.

6      WHEREFORE, Plaintiff prays for relief as hereinafter requested.

7  **NINTH CAUSE OF ACTION**

8  **PRIVATE ATTORNEYS GENERAL ACT OF 2004 CLAIM FOR CIVIL PENALTIES**

9  (Violation of Labor Code §§ 2698 *et seq*.)

10  (Alleged by Plaintiff on Behalf of All Aggrieved Employees of Defendants Against Defendants)

11      138.    Plaintiff re-alleges and incorporates by reference the allegations contained in the

12  paragraphs above, as though set forth herein.

13      139.    Pursuant to Labor Code section 2699(a), any provision of the Labor Code that provides for

14  a civil penalty to be assessed and collected by the LWDA or any of its departments, divisions,

15  commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered

16  through a civil action brought by an aggrieved employee on behalf of himself or herself and other current

17  or former employees pursuant to the procedures specified in Labor Code section 2699.3.

18      140.    This cause of action involves allegations of violations of Labor Code sections 201, 202,

19  203, 204, 210, 218.5, 218.6, 223, 225.5, 226, 226.2, 226.3, 226.7, 510, 512, 558, 1174, 1175.5, 1194,

20  1194.2, 1197, and 1198, which, pursuant to Labor Code section 2699.5, provides for a civil penalty to be

21  assessed and collected by the LWDA or recovered through a civil action brought by an aggrieved

22  employee on behalf of himself or herself and other current or former employees pursuant to the procedures

23  specified in Labor Code section 2699.3.

24      141.    Defendants employed Plaintiff and he had one or more of the alleged violations committed

25  against him during his employment with Defendants. Plaintiff is an "aggrieved employee" under PAGA

26  because the alleged violators employed him and he had one or more of the alleged violations committed

27  against him. As such, Plaintiff is properly suited to represent the interests of other current and former

28  aggrieved employees in a PAGA Representative action. Plaintiff seeks civil penalties on behalf of herself

Graham**Hollis** APC<br/>3555 Fifth Avenue Suite 200<br/>San Diego, California 92103

FIRST AMENDED COMPLAINT

and all other aggrieved current and former employees of Defendants in California pursuant to Labor Code section 2699(a).

142.    On April 13, 2018, Plaintiff satisfied the procedural requirements of section 2699.3 by serving the LWDA, via the online LWDA filing system, and Defendants, via Certified Mail, with his notice for wage and hour violations and penalties, including the facts and theories to support each violation.

143.    The LWDA did not provide notice of its intent to investigate Plaintiff's PAGA claims and more than 65 days passed after Plaintiff served notice to the LWDA and Defendants. Therefore, Plaintiff satisfied all the administrative requirements to pursue civil penalties against Defendants pursuant to Labor Code section 2698, *et seq.*

144.    Defendants violated Labor Code sections 226.7, 512, and 1198 by failing to provide Plaintiff and other aggrieved employees lawfully compliant meal periods and by failing to pay them meal period premium wages for each day a meal period was not provided. Under Labor Code section 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code sections 226.7 and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

145.    Defendants violated Labor Code section 226.7 by failing to authorize and permit Plaintiff and other aggrieved employees to take duty-free rest periods and by failing to pay them rest period premium wages for each day a rest period was not provided. Under Labor Code section 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code sections 226.7 and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

146.    Defendants are, and were, Plaintiff's and other aggrieved employees' employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the Commission, and, as such, is subject to penalties for each underpaid employee pursuant to Labor Code section 1197.1.

147.    Defendants violated Labor Code sections 1197 and 1198 by not paying Plaintiff and other aggrieved employees all minimum and regular wages earned for all the time they were suffered or

permitted to work and/or remained under Defendants' control, as alleged herein. At all relevant times, Plaintiff and, on information and belief, other aggrieved employees were not paid for the work they performed off-the-clock or during their meal periods. Thus, under Labor Code section 1197.1, Defendants are subject to a civil penalty of $100.00 for each aggrieved employee for each pay period for which the employee is underpaid in violation of Labor Code 1197, as well as a penalty of $250.00 for each underpaid employee for each subsequent pay period for which the employee was underpaid, the amounts for which are in addition to an amount sufficient to recover underpaid wages and liquidated damages pursuant to section 1194.2.

148.    Defendants violated Labor Code sections 223, 510, and 1198 by not paying Plaintiff and other aggrieved employees all overtime wages earned for all the time they were suffered or permitted to work, engaged in work and/or under Defendants' control, as alleged herein. At all relevant times, Plaintiff and, on information and belief, other aggrieved employees were not paid all overtime when they worked in excess of eight hours a workday or forty hours in a workweek. Thus, under Labor Code section 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code sections 223 and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

149.    Under Labor Code section 225.5, Defendants, in addition to, and entirely independent and apart from, any other penalty, are subject to a civil penalty for unlawfully withholding wages due Plaintiff and other aggrieved employees in violation of Labor Code section 223 as follows: (1) For an initial violation, one hundred dollars ($100.00) for each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200.00) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

150.    Defendants violated Labor Code sections 201, 202, and 1198 by not paying Plaintiff and other aggrieved employees all overtime wages, and all meal and rest premium wages, owed by the time set forth by law upon their separation of employment, as alleged herein. Thus, under Labor Code section 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code sections 201, 202, and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

151.    Defendants violated Labor Code sections 204 and 1198 by not paying Plaintiff and other aggrieved employees all overtime wages, and all meal and rest premium wages, owed by the time set forth by law during their employment, as alleged herein. Thus, under Labor Code section 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code sections 204 and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

152.    Under Labor Code section 210(a), Defendants, in addition to, and entirely independent and apart from any other penalty, are subject to a civil penalty for failing to pay the wages of each aggrieved employee as provided in Labor Code section 204, as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each aggrieved employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each aggrieved employee, plus 25 percent of the amount unlawfully withheld.

153.    Defendants violated Labor Code sections 226(a), 1174(d), and 1198 by failing to maintain accurate records and knowingly and intentionally failing to maintain and provide Plaintiff and other aggrieved employees of Defendants with wage statements itemizing accurately all information required by Labor Code section 226(a), as alleged herein, including the applicable hourly rate per hour worked, and the total wages earned. Thus, under Labor Code section 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code sections 226(a) and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

154.    Alternatively, Labor Code section 226.3 provides for a civil penalty in the amount of $250 per violation in an initial citation and $1,000 for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of section 226.

155.    Labor Code section 1174.5 provides for a civil penalty of $500 for any person employing labor who willfully fails to maintain accurate and complete records required by subdivision (d) of section 1174.

156.    Defendants are, and were, Plaintiff's and other aggrieved employees' employer, or person acting on their behalf, within the meaning of Labor Code section 558, who violated or caused to be

violated, a section of Part 2, Chapter 1 of the Labor Code or any provision regulating hours and days of work in any IWC Wage Order and, as such, are subject to civil penalties for each underpaid employee as set forth in Labor Code section 558.

157.    Pursuant to Labor Code section 558, Defendants are subject to a civil penalty of $50.00 for an initial violation of Labor Code sections 510 and 512, for each aggrieved employee, for each pay period for which the aggrieved employee was not provided with a timely uninterrupted 30-minute meal period and all overtime wages for all hours worked, as alleged herein. Furthermore, for each subsequent violation of Labor Code sections 510 and 512, Labor Code section 558 imposes upon Defendants a civil penalty of $100.00 for each aggrieved employee for each pay period for which the aggrieved employee was not provided with a timely uninterrupted 30-minute meal period and all overtime wages for all hours worked, as alleged herein. The civil penalty recoverable under Labor Code section 558 is in addition to an amount sufficient to recover the underpaid meal premium and overtime wages, which shall be paid directly to each affected employee.

158.    In addition, for each initial violation of the "Hours and Days of Work" section of the applicable IWC Wage Order, Labor Code section 558 also imposes upon Defendants a civil penalty of $50.00 for each aggrieved employee for each pay period for which the aggrieved employee was not provided with a paid, uninterrupted 10-minute rest period, as alleged herein. Furthermore, for each subsequent violation of the "Hours and Days of Work" section of the applicable IWC Wage Order, Labor Code section 558 imposes upon Defendants a civil penalty of $100.00 for each aggrieved employee for each pay period for which the aggrieved employee was not provided with a paid uninterrupted 10-minute rest period, as alleged herein. As set forth in *Thurman v. Bayshore Transit Management*, 203 Cal.App.4th 1112, 1153 (2012), the "Hours and Days of Work" section of the Wage Orders also covers failure to provide rest periods and Plaintiff may therefore recover civil penalties and underpaid wages under Labor Code section 558 for each such violation.

159.    For all provisions of the Labor Code for which a civil penalty is not specifically provided, Labor Code section 2699(f) imposes upon Defendants a penalty of $100.00 for each aggrieved employee per pay period for the initial violation $200.00 for each aggrieved employee per pay period for each subsequent violation.

160.    For bringing this action, Plaintiff is additionally entitled to attorney's fees and costs incurred herein.

161.    Plaintiff seeks to recover civil penalties on behalf of himself and other aggrieved employees for Defendants' violations of the Labor Code, including but not limited to Defendants' violations of Labor Code sections 201, 202, 203, 204, 210, 218.5, 218.6, 223, 225.5, 226, 226.2, 226.3, 226.7, 510, 512, 558, 1174, 1175.5, 1194, 1194.2, 1197, and 1198, pursuant to Labor Code section 2698, *et seq*. The exact amount of the applicable penalty is an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

162.    WHEREFORE, Plaintiff prays for relief as hereinafter requested.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a.    For general damages;

b.    For special damages;

c.    For liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to Labor Code section 1194.2;

d.    For reasonable attorney's fees, costs of suit, and interest to the extent permitted by law, including pursuant to California Code of Civil Procedure section 1021.5 and Labor Code sections 218.5, 218.6, 226, and 1194;

e.    For civil and statutory penalties to the extent permitted by law, including those pursuant to the Labor Code, the Private Attorneys General Act, and the applicable IWC Wage Order;

f.    For an order requiring Defendants to restore and disgorge all funds to each affected person acquired by means of any act or practice declared by this Court to be unlawful, unfair, or fraudulent and, therefore, constituting unfair competition under Business and Professions Code section 17200, *et seq*.;

g.    For restitution as provided by Business and Professions Code section 17200, *et seq*.;

h.    For an award of damages in the amount of unpaid compensation and monies including, but not limited to actual damages, unpaid minimum wages, regular, and overtime wages, waiting time penalties and other penalties according to proof, including interest thereon;

FIRST AMENDED COMPLAINT

i.    For an award of an additional hour of pay at the regular rate of compensation pursuant to Labor Code section 226.7 for each meal and rest period not in accordance with the applicable IWC Wage Order;

j.    For penalties to the extent permitted pursuant to the Labor Code and the applicable IWC Wage Order including, but not limited to, waiting time penalties under Labor Code section 203 and penalties under Labor Code section 226(e);

k.    For penalties for each initial and subsequent violation for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover the underpaid wages pursuant to Labor Code sections 1197.1 and 558;

l.    For injunctive relief as provided by the Labor Code including but not limited to section 226(g) of the Labor Code, and Business and Professions Code section 17200, *et seq.*;

m.    For indemnification of all losses incurred as a result of employment with Defendants, with interest;

n.    For a declaratory judgment that Defendants violated Labor Code sections, 201, 202, 204, 223, 226, 226.2, 226.7, 510, 512, 1174, 1197, and 1198, as well as the "Hours and Days of Work," the "Minimum Wages," the "Meal Periods," and the "Rest Periods" sections of the applicable IWC Wage Order;

o.    For pre- and post-judgment interest; and

p.    For any other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all Causes of Action.

Dated: June 28, 2018                                GRAHAM**HOLLIS** APC

By: _____
GRAHAM S.P. HOLLIS
VILMARIE CORDERO
GEOFF D. LA VAL
Attorneys for Plaintiff DEANDRE FURLOUGH

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

FIRST AMENDED COMPLAINT