UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANDRE FURLOUGH,<br>　　　　　Plaintiff,<br>　　v.<br>CAPSTONE LOGISTICS, LLC, et al.,<br>　　　　　Defendants. | Case No. 18-cv-02990-SVK<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 84 |

Before the Court is Plaintiff's motion for leave to file a motion for reconsideration of the Court's August 13, 2019, order staying this action pending Defendants' appeal of the Court's June 11, 2019 Further Case Management Order to the Ninth Circuit. ECF 84. Plaintiff's motion for leave is **DENIED** because it fails to identify "a material difference of fact or law" from that which was presented to the Court before entry of the order staying the case pending appeal; "[t]he emergence of new material facts or a change of law occurring after the time of such order"; or "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court" before the stay order. *See* Civil L. R. 7-9(b); *see also Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013).

Plaintiff's motion for leave argues that the Court's order staying the case pending appeal was clear error and constitutes a manifest injustice insofar as the Court expressed the view that Plaintiff could have filed a dismissal of his arbitrable claims. ECF 84 at 3. Plaintiff now argues that the proper way to dismiss individual claims is by filing a motion to amend (which Plaintiff has filed and is pending), rather than filing a dismissal. *Id.* at 3-4. Prior to issuance of the Court's June 11, 2019 Further Case Management Order, now on appeal, Plaintiff proposed to "file a dismissal" of his individual claims. ECF 58 (Joint Statement re Remaining Issues filed June 4, 2019) at 2. Plaintiff could have, but did not, raise the argument that the filing of a dismissal was

not the appropriate procedure at that time, or in his opposition to Defendant's motion to stay pending appeal. *See id.*; *see also* ECF 72. Moreover, although Plaintiff may be correct that a motion to amend is the procedurally correct way to dismiss claims from this case, that does not change the Court's conclusion that a stay pending appeal is appropriate in the procedural posture of this case. Accordingly, the Court is not left "with the definite and firm conviction that a mistake has been committed." *Smith*, 727 F.3d at 955.

**SO ORDERED.**

Dated: August 28, 2019

SUSAN VAN KEULEN
United States Magistrate Judge